NAME GAME IP, PC
HILLARY I. SCHROEDER, Cal. Bar. No. 281833
8605 Santa Monica Blvd #145444
West Hollywood, CA 90069
Telephone: (773) 439-9884
*hillary@namegameip.com*

Attorneys for Plaintiff
ALO, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| ALO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MAYFLOWER TRUCKING INC, a business, MAGGIE TANG, an individual, JINGJING XU, an individual, JOHN DOES 1-2, businesses, and JOHN DOES 3-7, individuals,<br><br>Defendants | Case No. 26-cv-13329<br><br>**COMPLAINT FOR**<br><br>**1) FEDERAL TRADEMARK INFRINGEMENT – COUNTERFEIT GOODS (15 U.S.C. § 1114);**<br><br>**2) FEDERAL FALSE DESIGNATION OF ORIGIN – COUNTERFEIT GOODS (15 U.S.C. § 1125(a)(1)(A)); AND**<br><br>**3) UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Alo, LLC ("Plaintiff" or "Alo"), by and through its undersigned counsel, files this Complaint against Defendants Mayflower Trucking Inc., a business, Maggie Tang, an individual, Jingjing Xu, an individual, and John Does 1-7, businesses and individuals whose identities are yet unknown but whose names will be added to the proceedings once discovered, and who assist in selling counterfeit items from Defendants Mayflower Trucking, Maggie Tang, and Jingjing Xu (together "Defendants"), and alleges as follows:

## INTRODUCTION

1. Alo is the owner of the well-known, global apparel and health-and-wellness brand, "Alo." Alo, through its predecessor in interest, has marketed and sold apparel products under the ALO brand and trademark since at least as early as 2006. Because of its continuous and extensive advertising, promotion, and sales efforts, Alo has developed considerable goodwill and reputation in the ALO brand and trademark throughout the United States and internationally. Today, ALO is regarded as uniquely and exclusively designating Plaintiff as (i) a premium apparel and health-and-wellness company that specializes in luxury activewear and (ii) the source of its high-quality goods and services.

2. Alo's high-quality product offerings range (among other things) from fashionable athletic and leisure apparel accessories, including bags, footwear, various athletic products and equipment, including yoga mats and workout blocks, and eyewear to skincare and a number of other beauty and wellness products and services. Alo has a portfolio of ALO and ALO-formative trademarks (the "ALO Marks"). Each of Alo's products bears at least one of its distinctive ALO Marks, and as a result of Alo's significant investment in the promotion of those marks, consumers have come to recognize and rely on the ALO Marks as unique indicators of Alo as the source of Alo's premium products.

3. Defendants are engaged in the unauthorized and unlawful use of one or more of the ALO Marks on and/or in connection with identical products to those regularly offered by Plaintiff using its ALO Marks and are therefore engaged in the manufacture and sale of counterfeit ALO branded products. The sale of such counterfeit products by Defendants has caused and continues to cause consumer confusion in the U.S. marketplace and has significantly harmed and continues to significantly harm Alo, its consumers and the goodwill associated with the ALO Marks and the products offered thereunder. Alo now brings this action to put an end to Defendants' unlawful, infringing and counterfeiting activities and the significant harm caused to Alo, its reputation and the ALO Marks, the goodwill associated therewith and to recover the full monetary damages suffered by Alo as a result therefrom.

## THE PARTIES

4. Plaintiff Alo is a California limited liability company with its principal place of business in Los Angeles County, California.

5. Upon information and belief, Defendants Maggie Tang and Jingjing Xu operate under a business permit in the name of Mayflower Trucking Inc., whose address is 6236 Goldendale Way, Fontana, California 92336. Upon information and belief, the Fontana address is also the residence of Defendant Maggie Tang. A warehouse connected to Defendant Maggie Tang is located at 360 South Lilac Avenue, Rialto, California 92376. Defendants Jingjing Xu and Does 1-7 reside, operate, and are domiciled in San Bernadino County, California.

## JURISDICTION AND VENUE

6. This action arises under the Lanham Act, 28 U.S.C. § 1051 *et seq.*, and this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because (i) claims herein arise out of federal trademark laws as codified in 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); and (ii) the California state

law claims herein are brought with substantial and related claims based on trademark laws.

7. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the pendent state law claims because the claims are so related to Alo's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has personal jurisdiction over Defendants because Defendants reside in this District and because Defendants have engaged in business activities in this District, directed business activities at this District, and committed acts with the knowledge that the effects of those acts would be felt by Alo in this District.

9. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendants do business in this District and because a substantial part of the events or omissions giving rise to Alo's claims occurred in this District.

## GENERAL ALLEGATIONS

### A. The ALO Marks

10. Alo is a California-based luxury apparel and health-and-wellness company. Its mission is to spread mindful movement, inspire wellness, and create community.

11. Since even before its founding, in 2006, Alo (through its predecessor in interest) has designed, marketed and sold premium apparel (among other things) under the ALO name and mark. Over the past two decades, the ALO brand has achieved significant commercial success as it has grown into a global luxury apparel, health and wellness company. Today, in the United States and around the world, Alo is regarded and recognized as a premium apparel and health-and-wellness company, and as a global leader in luxury activewear design and fabrication.

12. Genuine Alo products are exclusively sold through Alo's ALO-branded website (located at www.aloyoga.com), its ALO-branded brick-and-mortar stores in the United States and abroad, and other authorized retailers, all of which use the ALO Marks, and in particular the ALO mark, prominently to sell and offer for sale any and all of Alo's products. Alo's product offerings encompass all kinds of athletic and leisure related clothing and accessories, including apparel of all kinds, sneakers, yoga mats, yoga straps, yoga blocks, socks, hats, hair accessories, bags, sunglasses, undergarments, and beauty and wellness products, among other things.

13. Alo's products are marketed using the ALO Marks, which are inherently distinctive designations of Alo as the source of Plaintiff's premium apparel, footwear, headwear, cosmetic and eyewear products, and the high quality thereof. Because of the inherent distinctiveness of the ALO Marks, and particularly its fanciful house mark ALO, and the significant consumer recognition and goodwill associated therewith, the ALO Marks are entitled to broad common law trademark rights for goods and services including, but not limited to, athletic and leisure apparel and accessories (including headwear, footwear and bags), eyewear and retail services for the same.

14. Alo is also the owner of statutory federal trademark rights in and to many of its ALO Marks, including most pertinently the word mark ALO for Class 25 apparel products, headwear and footwear. That is, ALO has successfully registered a number of ALO Marks with the U.S. Patent and Trademark Office, including but not limited to:

15.

| Reg. No. | Mark | Reg. Date | Classes / Goods |
|---|---|---|---|
| 3875869 | ALO | November 16, 2010 | 25: Apparel |
| 5172309 | ALO | March 28, 2017 | 18: Bags<br>25: Apparel |

| Reg. No. | Mark | Reg. Date | Classes / Goods |
|---|---|---|---|
| | | | 28: Yoga Equipment |
| 5172308 | ALO YOGA | March 28, 2017 | 18: Bags<br>25: Apparel<br>28: Yoga Equipment |
| 7804231 | ALO | May 20, 2025 | 25: Footwear |

16. The trademark registrations referenced in Paragraph 15 above, as well as registrations for other ALO and ALO-formative marks, are attached hereto as **Exhibit A** (the "ALO Registrations"). The ALO Registrations are currently valid and constitute *prima facie* evidence of the validity of, and Alo's exclusive rights to use and reproduce the Alo Marks covered by those Alo Registrations, including most pertinently the word mark ALO for Class 25 apparel, headwear and footwear products. Moreover, Reg. Nos. 3875869 (notably, for the word mark ALO for clothing items in Class 25 with a date of first use of 2006), 5172309 (for the word mark ALO for clothing, footwear and headwear items as well as yoga equipment in Classes 25 and 28) as well as Reg. Nos. 4519311, 5172308 have each become incontestable and, therefore constitute *conclusive* evidence of the validity of, and Alo's exclusive rights to use, the ALO Marks.

**B. Defendants' Unlawful Sale of Counterfeit ALO Products**

17. Beginning at a time that is currently unknown to Alo, and without Alo's knowledge, consent or authorization, Defendants began and today continue offering for sale, facilitating the sale of, selling various apparel and headwear products using and/or bearing unauthorized reproductions and confusingly similar variations of the ALO Marks despite those products having not been manufactured by Alo and/or any of its authorized manufacturers (collectively the "Counterfeit Alo Products").

18. As part of an ongoing investigation, on October 9, 2026, the California Highway Patrol ("CHP") served a search warrant at Defendant Maggie Tang's residence at 6236 Goldendale Way, Fontana, California 92336. CHP Investigators arrested Defendant Maggie Tang for the sale of counterfeit merchandise. During the service of the search warrant, Defendant Maggie Tang attempted to flee. CHP Investigators found over $30,000 in cash that Defendant Maggie Tang was attempting to hide as she fled. Attached as **Exhibit B** is a true and correct photo of Defendant Maggie Tang. CHP Investigators were unable to locate Defendant Jingjing Xu who is Defendant Maggie Tang's business partner

19. As part of the same investigation, CHP Investigators also served a search warrant at a warehouse connected to Maggie Tang, located at 360 South Lilac Avenue, Rialto, California 92376 (the "South Lilac location"). Representatives of Plaintiff Alo assisted with the identification and recovery of counterfeit merchandise at the South Lilac location. The items recovered had a listed retail value of nearly $9,000,000. Attached as **Exhibit C** are true and correct photos of the exterior and interior of the South Lilac location.

20. During the service of the search warrant, CHP Investigators observed a business permit on display for Mayflower Trucking Inc. Attached as **Exhibit D** is a true and correct photo of the business permit taken during the service of the search warrant. According to California Secretary of State records, Mayflower Trucking Inc. was formed on February 13, 2017, and is in good standing. The agent of record is Ning Xin, with an address of 6236 Goldendale Way, Fontana, California 92336, Maggie Tang's residential address.

21. During the service of the search warrant at the South Lilac location, CHP Investigators recovered 75,870 Alo-branded counterfeit items, including handbags, hats, hoodies, pants, shirts, shoes, shorts, skirts, socks, and sweaters In addition to Alo-branded products, CHP Investigators recovered merchandise bearing other famous luxury brands, including Burberry, Chanel, Essentials Fear

of God, Gucci, Hermes, L'Oreal (Armani, Creed, Lancome, Valentino, YSL), Louis Vuitton, Lululemon, LVMH (Christian Dior, Maison Francis Kurkdijan), Nike, Owala, Prada, Skims, Ugg, and Versace. Attached as **Exhibit E** are true and correct photos of some of the merchandise recovered.

22. Alo has inspected photos of the products recovered from the South Lilac location and confirmed that the "Alo" branded apparel products offered by Defendants are counterfeit.

23. Defendants' unlawful sale, and offering for sale, of such Counterfeit Alo Products was either knowing and intentional, or undertaken with willful ignorance of the counterfeit nature of the Counterfeit Alo Products.

**C. Consumer Confusion and Harm Caused by Defendants' Sale of Counterfeit Alo Products**

24. Defendants do not have the authority to use the ALO Marks or any other trademarks confusingly similar to the ALO Marks in connection with their Counterfeit Alo Products and/or any other goods or services, nor are Defendants affiliated with, sponsored by or otherwise known as Alo.

25. Alo has not authorized Defendants to market or sell any apparel or other products of any kind using the ALO Marks in any manner. The Counterfeit Alo Products are not manufactured by Alo or any of its authorized manufacturers and not manufactured in accordance with Alo's own stringent quality controls but are instead manufactured outside of Alo's knowledge and control, using unknown materials, in unknown locations and with unknown manufacturing requirements and controls.

29. The Counterfeit Alo Products sold by Defendants are also of a substantially lower quality than Alo's genuine Alo products.

30. Upon information and belief, Defendants are actively using, promoting, and otherwise advertising, distributing, selling and/or offering for sale Counterfeit Alo Products (bearing unauthorized reproductions of the ALO

Marks) (collectively, the "Infringing and Counterfeit Activities") ***with the intent*** that such goods will be mistaken for genuine Alo products, despite Defendants' knowledge that they do not have authority to use the ALO Marks.

31. As a result of Defendants' activities ("Infringing and Counterfeit Activities"), there is a high likelihood of confusion between the Counterfeit Alo Products sold by Defendants, on the one hand, and genuine Alo products originating with Alo, on the other hand. The Infringing and Counterfeit Activities are highly likely to deceive consumers into believing that they are purchasing products that originate with and/or are somehow authorized by Alo (in accordance with its quality control standards) when, in fact, they are not. These Infringing and Counterfeit Activities cause irreparable harm to Alo, the value of the ALO Marks and the goodwill associated therewith. Purchasers and prospective purchasers of genuine Alo products who mistakenly purchase or encounter these Counterfeit Alo Products are likely to attribute any perceived or actual defect, low quality, or any other irregularity to Alo to the detriment of Alo's business, its reputation and the value of the ALO Marks and the goodwill associated therewith, all of which rely on Alo's exclusive use of its Mark and control over the quality of any goods or services offered using its ALO Marks in U.S. commerce. The ongoing and continuous harm caused by Defendants' Infringing and Counterfeit Activities causes confusion and disappointment to consumers due to the inferior quality of the Counterfeit Alo Products sold by Defendants which create the false representation (through the use of the registered and incontestable ALO Mark on identical goods) that the Counterfeit Alo Products originate with Alo and/or are somehow affiliated with Alo through sponsorship, authorization, and/or approval by Alo, even though no such relationship, sponsorship or authorization exists.

32. Defendants' Infringing and Counterfeit Activities (including their unauthorized use of the ALO Marks) began after Alo legally established the

existence and significant value of such ALO Marks and the goodwill arising therefrom, including after Alo's adoption and use of the ALO Marks and after Alo obtained one or more of the United States trademark registrations listed above.

33. Defendants' unlawful conduct has caused monetary harm to Alo, as well as irreparable harm to Alo's reputation, its brand, and the ALO Marks and the goodwill arising therefrom. Without court intervention, Defendants will continue to sell products that infringe on the ALO Marks, to Alo's detriment and to the detriment of deceived consumers.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement – Counterfeit Goods

### 15 U.S.C. § 1114(1)

34. Alo realleges and incorporates by reference each and every allegation in the preceding and foregoing paragraphs.

35. Defendants, without Alo's authorization, used the ALO Marks and/or trademarks that are a colorable imitation thereof, in commerce on or in connection with the sale, offering for sale, distribution, promotion, and/or advertising of their goods and/or services, and such use is likely to cause confusion, or to cause mistake, or to deceive consumers as to the source of the relevant goods/services.

36. Upon information and belief, Defendants' Infringing and Counterfeit Activities have been committed willfully and with knowledge of Alo's exclusive rights and goodwill in the ALO Marks, as well as with bad faith and the intent to cause confusion or mistake, and/or otherwise to deceive the public as to the source of the goods/services offered by Defendant.

37. Alo alleges, on information and belief, that Defendants derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not yet ascertainable,

but that will be determined during this action or is to be considered in relation to a request for statutory damages.

38. As a result of Defendants' unauthorized use of its Alo Marks to promote the sale or distribution of identical goods to genuine Alo goods, Alo has suffered and will continue to suffer substantial and irreparable injury, loss, and damage to its rights in and to the ALO Marks and the goodwill associated therewith, for which it has no adequate remedy at law.

39. As a result of the Infringing and Counterfeit Activities of Defendants, Alo has suffered and will continue to suffer losses, including loss of business opportunities, and, if not permanently enjoined, Defendants will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of their acts and infringement.

40. Defendants' Infringing and Counterfeit Activities alleged herein constitute federal trademark infringement of the ALO Marks pursuant to and in violation of the Lanham Act, 15 U.S.C. § 1114.

41. Alo has no adequate remedy at law for the federal trademark infringement caused by Defendants' Infringing and Counterfeit Activities such that Alo is entitled to injunctive relief as well as monetary damages and other remedies pursuant to 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

42. Further, Defendants' conspicuous and identical reproduction of the ALO Marks on goods identical to Alo's genuine apparel goods constitutes willful infringement and knowing use by Defendants of at least one "counterfeit mark" as defined in 15 U.S.C. § 1116(d)(1)(B). As such, Alo reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) or (2). Alo alleges on information and belief that Defendants knowingly and willingly engaged in the acts

complained of above with oppression, fraud, malice, and in conscious disregard of Alo's federal trademark rights. Alo is, therefore, entitled to the maximum statutory damages allowable.

## SECOND CAUSE OF ACTION

### Federal False Designation of Origin and Unfair Competition – Counterfeit Goods

### 15 U.S.C. § 1125(a)(1)(A)

43. Alo realleges and incorporates by reference each and every allegation in the preceding and foregoing paragraphs.

44. Defendants' acts as alleged herein constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

45. In connection with its goods and services, including the Counterfeit Alo Products, Defendants, without authorization, have used and continue to use in U.S. commerce the ALO Marks and/or trademarks confusingly similar thereto in a manner that constitutes false designation of origin and/or sponsorship of such goods and services (including the Counterfeit Alo Products). Such conduct is likely to cause confusion or mistake, or otherwise deceive consumers as to the affiliation, connection, or association of Defendants with Alo and/or as to the origin, sponsorship, affiliation, or approval of Defendants' Counterfeit Alo Products and/or any of its other goods or services or commercial activities.

46. Upon information and belief, Defendants' acts have been committed willfully and with knowledge of Alo's exclusive rights and goodwill in the ALO Marks, as well as with bad faith and the intent to cause confusion or mistake, and/or to deceive consumers.

47. Alo alleges, on information and belief, that Defendants derived, received, and will continue to derive and receive from the aforesaid acts of infringement and counterfeiting, gains, profits and advantages in an amount not

yet ascertainable, but that will be determined during this action or to be considered in relation to a request for statutory damages.

48. As a result of the acts of Defendants, Alo has been irreparably harmed. If Defendants are not enjoined from their wrongful conduct constituting false designation of origin as described herein, Alo will continue to suffer substantial and irreparable injury, loss, and damage to its rights in and to the ALO Marks and the goodwill associated therewith, for which it has no adequate remedy at law.

49. As a result of the acts of Defendants, Alo has suffered and will continue to suffer losses, including loss of business opportunities, and, if not permanently enjoined, Defendants will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of its acts and infringement.

50. As the acts alleged herein violate the Lanham Act, 15 U.S.C. § 1125(a), and as Alo has no adequate remedy at law, Alo is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

## **THIRD CAUSE OF ACTION**

### **Unfair Business Practices**

### **Cal. Business & Professions Code § 17200, *et seq.***

51. Alo realleges and incorporates by reference each and every allegation in the preceding and foregoing paragraphs.

52. Defendants' actions described herein constitute unlawful, unfair, and/or fraudulent business practices. Defendants' actions thus constitute unfair competition pursuant to Cal. Business & Professions Code § 17200, *et seq*.

53. Alo has suffered an injury in fact, including—without limitation—an amount to be proven at trial and in the diminution of value of its trademarks and goodwill, as a proximate result of Defendants' unfair competition.

54. Alo requests that the Court order Defendants to disgorge all profits wrongfully obtained as a result of Defendants' unfair competition, and order Defendants to pay restitution to Alo in an amount to be proven at trial.

55. Defendants' actions have caused, and will continue to cause, Alo to suffer irreparable harm unless enjoined by this Court.

**PRAYER FOR RELIEF**

Alo respectfully prays for the following relief:

1. For entry of judgment in favor of Alo and against Defendants on each of Alo's claims for relief alleged in this Complaint;

2. For an order that Defendants, their agents, employees, and any related person or entity acting in concert with them, be preliminarily and permanently enjoined and restrained from unlawfully using and/or counterfeiting the ALO Marks, and/or any mark confusingly similar to the ALO Marks;

3. For an order requiring Defendants and all others acting under Defendants' authority, at their own cost, to deliver for destruction any and all products in Defendants' possession that infringe on the ALO Marks pursuant to 15 U.S.C. § 1118;

4. Pursuant to 15 U.S.C. § 1116, including upon *ex parte* application, an order for the seizure of goods and counterfeit marks, and records documenting the manufacture, sale, or receipt of things involved in trademark violations;

5. For purposes of equitable relief, an order requiring that Defendants provide complete and accurate accountings of any ill-gotten gains or illegal transactions entered into from the infringement of the ALO Marks;

6. For an order that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession that rightfully belong to Alo;

7. For a determination that Defendants' acts of trademark infringement and counterfeiting constitute cases of willful and exceptional infringement;

8. For actual damages as a result of Defendants' unlawful conduct, alleged above, as well as any profits that are attributable to the alleged conduct and are not otherwise taken into account in the computing of Alo's actual damages;

9. In the alternative to Defendants' profits and Alo's damages for trademark infringement, an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of $2,000,000.00 for each of the counterfeited trademarks willfully utilized by Defendants per type of goods sold, offered for sale, or distributed;

10. For maximum statutory damages available under the law to the extent Alo elects statutory damages for any claim for relief;

11. For reasonable attorney's fees to the fullest extent available under the law;

12. For treble, exemplary, and/or enhanced damages to the fullest extent available under the law;

13. For prejudgment interest and the costs of prosecuting these claims to the fullest extent available under the law;

14. For any additional injunctive, specific performance, and/or other provisional remedies, as appropriate; and

15. For such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Alo, LLC, hereby demands trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38(b).

Dated: November 15, 2026

NAME GAME IP, PC

By: s/Hillary I. Schroeder/

HILLARY I. SCHROEDER
Attorneys for Plaintiff
Alo, LLC
Email: hillary@namegameip.com